UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NORMA LINDE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-cv-2661-HLT-TJJ |
| ) | |
| ENVISION HEALTHCARE CORP., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendants' Motion to Stay the Case Pending Motion to Dismiss or Transfer Related Case (ECF No. 50). For the following reasons, the Court denies Defendants' motion.

The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[1] In exercising this power, the court "must weigh competing interests and maintain an even balance."[2] The Tenth Circuit, however, has held that "the right to proceed in court should not be denied except under the most extreme circumstances."[3] Therefore, as a general rule, the District of Kansas does not favor staying discovery pending a ruling on a dispositive motion.[4] A stay is not favored because it can delay a timely resolution of the matter.[5]

In this case, Defendants move for a stay of this first-filed case pending the resolution of a motion to dismiss or transfer another case, in another federal district court. Plaintiff opposes the

---

[1] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *McCoy v. U.S.*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007).
[2] *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).
[3] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).
[4] *McCoy*, 2007 WL 2071770, at *2.
[5] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

1

motion.

In deciding their request for stay, Defendants ask the Court to consider the factors that are typically considered when a party moves for a stay pending a decision regarding transfer and consolidation by the Judicial Panel on Multidistrict Litigation (JPML). In those situations, cases are not automatically stayed when a party moves the JPML for transfer and consolidation,[6] rather courts typically consider three factors in deciding whether to grant a stay: (1) potential prejudice to the nonmoving party if the case is stayed; (2) hardship and inequity to the moving party if the action is not stayed; and (3) judicial economy, i.e. whether judicial resources would be saved.[7] Plaintiff asks the Court instead to apply five factors that have been used by courts when deciding whether to stay a civil case while a criminal case is pending: "(1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest."[8]

The Court rejects the five-factor test proposed by Plaintiff, as not applicable or appropriate to the stay determination in the situation presented here, where two "civil" cases are pending at the same time. On the other hand, the Court finds the three-factor test proposed by Defendants useful and instructive to the stay determination here, as those cases in which a party moves for a stay pending a decision regarding transfer and consolidation by the JPML are analogous to the situation here. Accordingly, taking into account those factors and the general rule in this District disfavoring stays, the Court determines that Defendants have not met their burden to show that this case should

---

[6] *Asmann v. Dairy Farmers of Am., Inc.*, No. 12-1060-KVH-DJW, 2012 WL 1136865, at *2 (D. Kan. Apr. 4, 2012).
[7] *Id.*
[8] *F.D.I.C. v. Renda*, No. CIV. A. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987).

be stayed pending another court's decision.

This case was filed December 30, 2020 as a putative class and collective action. The Court entered a Phase I Scheduling Order on June 23, 2021. The parties engaged in discovery for about nine months, before Plaintiff filed a Notice of Intent to Pursue Claims on an Individual Basis (ECF No. 46) on March 15, 2022. In the meantime, on February 24, 2022, Laurie Clark filed what Defendants characterize as a "nearly-identical proposed class and collective action" against Defendant Envision Healthcare Corp. (Envision) in the United States District Court for the Middle District of Tennessee. In Tennessee, Envision moved to dismiss or transfer the case to the District of Kansas based on the first-to-file rule. Neither Plaintiff Linde nor the other two Defendants in this case are parties in the Tennessee case.

Defendants argue that Plaintiff Linde will not be prejudiced by a stay of this matter. They suggest that the Tennessee court will promptly rule their motion in the Tennessee case—resulting in only a short delay of this case. They also assert that little additional discovery remains in this case, so a brief stay would not unnecessarily delay proceedings. The Court disagrees with Defendants. Their assumption the Tennessee court will rule promptly on Envision's motion is conclusory. We have no way of knowing how quickly or slowly that court will rule the motion. What Defendants propose is, therefore, a stay of indefinite duration. Additionally, Plaintiff Linde has an interest in proceeding expeditiously with her case. If anything, the fact that little discovery may remain here weighs in favor of continuing with Plaintiff Linde's case. She may be approaching resolution of her case, and if forced to await a decision in another court, in a case in which she is not a party, she may indeed suffer prejudice. The other Defendants and the Court (in keeping with Fed. R. Civ. P. 1), have an interest in the prompt and efficient resolution of this case.

Defendants also argue they will suffer hardship and inequity if this action is not stayed.

According to Defendants, they may have to brief summary judgment in this case—only to have a class and collective action transferred to the District of Kansas, upending the schedule in this case. They cite *Wood v. Safeco Ins. Co. of Am.*,[9] arguing in that case this Court granted a motion to stay proceedings pending decision in a related action because the potential prejudice of pursuing identical claims could be avoided. But, *Wood* was a "unique" case and not even remotely similar to this case either factually or procedurally.[10] Again, the Court disagrees with Defendants' hardship and inequity arguments. First, Defendants assume the Tennessee court will transfer the Tennessee case to this Court – an assumption this Court views with skepticism. Second, Defendants appear to assume that if the Tennessee case is ultimately transferred to Kansas, the Court would take the next step and consolidate it with this case – another assumption that raises serious questions, given the nature and posture of this case. Without these assumptions, the timing of summary judgment briefing and class or collective certification would not matter. These assumptions are based on speculation and do not justify a finding that Defendants will suffer hardship and inequity.

Finally, Defendants contend a stay will conserve judicial resources. They speculate if the Tennessee action is transferred, the parties will seek discovery in that case, which may overlap with summary judgment briefing in this action. This argument also rings hollow—for largely the same reason Defendants' second argument fails. Even if the Tennessee action is ultimately transferred here, there is no guarantee that, as a putative collective and class action, it would be

---

[9] Case No. 20-2222-SAC-KGG, 2020 WL 6939803, at *3 (D. Kan. Nov. 25, 2020).

[10] The *Wood* court noted: "The effort to stay this case is unique. The plaintiff simultaneously filed the concurrent federal cases to preserve his rights, and he wants to consolidate his claims and have them litigated in one court, preferably in Colorado. The parties have commenced discovery in Colorado and have agreed it will be used wherever the case ultimately proceeds to disposition. The plaintiff and the defendant… are not seeking an extended stay of this case but only until the federal district court in Colorado rules upon the defendant's jurisdictional challenge. After which, the plaintiff represents he will work to consolidate his claims in one federal forum." *Id*.

consolidated with this late-stage single-plaintiff case with individual claims.

As noted at the outset, the right to proceed in court should not be denied except under the most extreme circumstances. No such circumstances exist here. The Court has carefully considered the pertinent factors set out above and in its discretion has determined that a stay of this case is not warranted or justified. The Court simply cannot justify putting Plaintiff Linde's claims on hold to await, for an indefinite and potentially lengthy period of time, the decision of another court that may or may not impact this mature case at all. The Court exercises its discretion and declines to impose a stay.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay the Case Pending Motion to Dismiss or Transfer Related Case (ECF No. 50) is denied. The parties shall confer and jointly propose an amended scheduling order to the Court by email within 14 days of the date of this order. After reviewing the proposal, the Court will either enter an amended scheduling order or reconvene a conference call to discuss the proposed schedule with the parties.

Dated April 19, 2022, at Kansas City, Kansas.

Teresa J. James
U.S. Magistrate Judge